**TAMPA PORT AUTHORITY, Plaintiff,**

and

**Westchester Fire Insurance Co., Intervening Plaintiff,**

v.

**M/V DUCHESS, In Rem, and BT Straits, Inc., In Personam, Defendants/Third Party Plaintiff,**

v.

**Pilot Lambert W. Ware, Third Party Defendant.**

No. 94–1727–CIV–T23C.

United States District Court, M.D. Florida, Tampa Division.

Jan. 29, 1998.

Lance Sheldon Hamilton, Holland & Knight, LLP, Tampa, FL, for Tampa Port Authority.

Donald Lee Craig, E. Tyron Brown, Butler, Burnette & Pappas, Tampa, FL, for Westchester Fire Insurance.

Nathaniel G. W. Pieper, Lau, Lane, Pieper, Conley & McCreadie, P.A., Tampa, FL, for M/V Duchess.

Margaret Diane Mathews, Anthony John Cuva, Akerman, Senterfitt & Eidson, P.A., Tampa, FL, for Lambert M. Ware.

## ORDER

JENKINS, United States Magistrate Judge.

This cause comes before the court for consideration of Tampa Port Authority's Motion for New Trial (Dkt.174) and the response by defendant BT Straits (Dkt.187).

Tampa Port Authority ("TPA") sued the vessel M/V DUCHESS ("DUCHESS") *in rem* and its owner, BT Straits, Inc., for negligence in an incident in which the DUCHESS struck and damaged a pier owned by TPA. TPA sought damages of $324,589.51. Westchester Fire Insurance Company ("Westchester") intervened in the action, claiming entitlement to any damages awarded TPA as TPA's subrogee.

Following a bench trial, this court found defendant DUCHESS liable to TPA and Westchester for negligence and awarded damages of $151,642 plus prejudgment interest. The claim against BT Straits was dismissed. (Dkt.151).[1]

TPA now moves pursuant to Rule 59(a) of the Federal Rules of Civil Procedure for a new trial or to re-open the evidence. TPA seeks to present evidence that defendant DUCHESS had actual notice of a certain TPA tariff which provide for recovery of the expense of replacement and repair plus an additional twenty percent.[2] TPA contends that defendant DUCHESS failed to raise the defense of lack of notice of this tariff until a postjudgment motion, and that TPA was "unfairly surprised" by the late introduction of this argument. TPA argues that by raising this issue for the first time after trial, DUCHESS deprived TPA the opportunity to present evidence at trial to rebut this defense.

 A new trial should be granted when the verdict will result in a miscarriage of justice. *See, e.g., Hewitt v. B.F.*

---

1. Upon motion by Westchester, the judgment was subsequently modified to reflect that Westchester, as subrogee, was entitled to recover the full amount of these damages from the DUCHESS. (Dkt.191).

2. The court found that this tariff was inapplicable because, *inter alia,* plaintiffs had not established that defendants had constructive or actual notice of it. (Dkt.151, p. 33).

*Goodrich Co.,* 732 F.2d 1554, 1556 (11th Cir.1984). In a nonjury case, a motion for a new trial should be based upon a "manifest error of law or mistake of fact" and should only granted for "substantial reasons." *See Ball v. Interoceanica Corp.,* 71 F.3d 73, 76 (2d Cir.1995), *cert. denied,* 519 U.S. 863, 117 S.Ct. 169, 136 L.Ed.2d 111 (1996) (quoting 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & FRANK W. ELLIOTT, FEDERAL PRACTICE & PROCEDURE § 2804 (2d ed.1995)). An error which does not affect the substantial rights of the parties does not constitute grounds for a new trial. *See* Fed.R.Civ.P. 61.

█ It is unnecessary to consider TPA's argument that it was unfairly surprised by the timing of DUCHESS' argument of lack of notice, because an examination of this court's June 6, 1997 memorandum opinion reveals that this issue was not determinative of the court's ruling that the tariff was inapplicable. The court found that the provisions of the TPA tariff which allow for recovery of attorney's fees and an additional twenty percent above the cost of repair were contrary to the well-established principle of admiralty law that an injured party is entitled only to compensatory damages and cannot be unjustly enriched. (Dkt.151, pp. 34–40). The court thus concluded that the TPA tariff was preempted by federal law.

Therefore, even if the evidence was reopened and TPA was able to prove that defendants had actual notice of the relevant tariff, the outcome would remain the same—the tariff would be inapplicable because it is preempted by federal admiralty law.

Accordingly, TPA's motion for a new trial is **DENIED.**

It is **ORDERED** that:

(1) Tampa Port Authority's Motion for New Trial (Dkt.174) is **DENIED.**